IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY JAY HALL, MARTIN ELORDE and EMMANUEL PACQUIAO,<br><br>   Plaintiffs,<br><br>   v.<br><br>MURAD MUHAMMAD, RUDOLFO NAZARIO , ROBERTO NAZARIO, and PHILIPPINE BOXING LLC,<br><br>   Defendants.<br>_____/ | No. C-05-2192 CRB<br><br>**ORDER DISMISSING CLAIM AND REMANDING ACTION** |

   This lawsuit arises out of a controversy concerning representation of a professional boxer from the Philippines.  Plaintiff Sydney Hall, a citizen of California, sues defendants Murad Muhammad, a citizen of New Jersey, Rudolfo Nazario, a citizen of the Philippines, Roberto Nazario, a permanent resident of California, and Philippine Boxing LLC.  After considering the pleadings filed in this case, as well as related case number 03-5095, the Court concludes that the complaint does not state a federal claim and therefore the action must be remanded to state court.

## BACKGROUND

**A.   The Initial Federal Court Proceedings**

   On November 24, 2003, Hall, a lawyer representing himself, filed a complaint in this Court asserting state law causes of action for an accounting and tortious interference, and a federal cause of action for violation of the Muhammad Ali Boxing Reform Act.  Hall

1  claimed federal jurisdiction based upon diversity of citizenship under 28 U.S.C. section
2  1332, even though Hall and defendant Roberto Nazario are citizens of California for
3  diversity jurisdiction purposes.  When defendant Muhammad moved to dismiss Hall's
4  complaint for lack of subject matter jurisdiction, Hall filed a memorandum agreeing with
5  defendant Muhammad's assertion that this Court does not have subject matter jurisdiction.

6  The complaint, however, also included a claim under the Muhammad Ali Boxing
7  Reform Act, potentially creating federal question jurisdiction. See 28 U.S.C. § 1331.  The
8  Act creates a private federal cause of action for boxers who are injured in violation of the
9  Act.  See 15 U.S.C. §6309(d).  Hall, however, is not a boxer.  Moreover, in his non-
10 opposition to defendant Muhammad's motion to dismiss, Hall declared that, even though his
11 complaint alleged a violation of the Muhammed Ali Boxing Reform Act, "there is no federal
12 question . . . [because] the complaint requests no recovery of damages or specific relief under
13 the act."  See Plaintiff's Non-Opposition to Defendant's Motion to Dismiss for Lack of
14 Subject Matter Jurisdiction at 3.  The Court dismissed Hall's claim under the Muhammad Ali
15 Boxing Reform Act with prejudice because he, as a non-boxer, does not have a cause of
16 action under the Act.

17 As there was no longer federal question jurisdiction and there was no diversity
18 jurisdiction, the Court declined to exercise supplemental jurisdiction and dismissed the
19 remaining state law claims without prejudice.

20 **B.    The State Court Proceedings**

21 Hall thereafter continued to prosecute nearly identical claims in a state court action
22 that Hall filed while the initial federal action was pending. Declaration of Sydney Jay Hall
23 (June 1, 2005) at ¶ 8.  At some point Hall learned that Emmanuel Pacquiao, the boxer at the
24 center of the dispute, had fired defendants Muhammad and Rodolfo Nazario.  On April 28,
25 2005, Hall amended his complaint to "bring in" Pacquiao, and Pacquiao's manager, Martin
26 Elorde, as plaintiffs.  Id. at ¶ 12.  He also added a claim for violation of the Muhammed Ali
27 Boxing Reform Act on behalf of Pacquiao and Elorde.  See Amended Complaint.  He could
28 not make the claim on his own behalf as the Court had previously dismissed such a claim

2

with prejudice.

### C.     The Present Federal Court Proceedings

In light of Hall's addition of a federal claim, defendants removed the state action to this Court, the action that is presently pending. Hall has moved to remand the action on the ground that Pacquiao, who Hall named as a plaintiff, is also a nominal defendant and did not join in the removal. Defendants have filed a motion to dismiss the complaint.

### DISCUSSION

The only basis for the removal of the complaint and this Court's jurisdiction is the addition of the claim for violation of the Muhammed Ali Boxing Reform Act on behalf of Pacquiao and Elorde. It is apparent from the removed complaint and Hall's declaration, however, that Pacquiao and Elorde are not plaintiffs in this action and have not made such a claim. First, the complaint itself alleges that Pacquiao has not joined Hall as a plaintiff. Amended Complaint § 68. Second, Hall states in his declaration that Pacquiao is represented by attorneys other than Hall, and that the attorneys advised Hall that Pacquiao will not join Hall as a plaintiff. Third, the amended complaint is signed by Hall, alone, as plaintiff, and the caption states that Hall is acting as an attorney for himself, alone. As neither Pacquiao nor Elorde have appeared as plaintiffs in this action, and as neither has consented to Hall making claims on their behalf, the claims under the Muhammed Ali Boxing Reform Act are DISMISSED. In addition, Elorde cannot state a claim under the Act because he is not a boxer.

As there is no basis for federal question jurisdiction, and as there is no diversity jurisdiction, the Court, again, declines to exercise supplemental jurisdiction and will instead remand the remaining state law claims.

Hall's motion for attorneys' fees is denied as frivolous. Hall caused the removal by amending the complaint to add plaintiffs who had not consented to his representation or to joining as plaintiffs. Such lack of consent is not surprising since Hall also claims he joined Pacquiao as a defendant.

//

3

**CONCLUSION**

The claims under the Muhammad Ali Boxing Reform Act are DISMISSED and this action is REMANDED to state court. Hall's request for attorneys' fees is DENIED.

**IT IS SO ORDERED.**

Dated: June 29, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE